United States District Court
Southern District of Texas

**ENTERED**
March 12, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HERRADO  MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-395 |
| | § | |
| MICHELLE D. ESPARZA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

Plaintiff Herrado Molina is a Texas inmate appearing *pro se* and *in forma pauperis*.  He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, Plaintiff has stated Eighth Amendment claims of excessive force and sexual assault against **Sergeant Michelle D. Esparza and Officer Daughtrey** in their individual capacities.  Accordingly, it is respectfully recommended that these claims be **RETAINED.**  The undersigned will order service on **Sgt. Esparza and Officer Daughtrey**.

For the reasons set forth below, the undersigned further recommends that: (1) Plaintiff's claims for money damages against Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment; and (2) Plaintiff's claims for

1 / 11

injunctive relief against Defendants be **DISMISSED** as rendered moot by Plaintiff's transfer to another TDCJ facility.

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division and is currently housed at the Michael Unit in Tennessee Colony, Texas.  Plaintiff's claims in this lawsuit occurred in connection with his previous housing assignment at the McConnell Unit in Beeville, Texas.

On December 20, 2019, Plaintiff filed his original complaint against Sgt. Esparza and Officer Daughtrey.  (D.E. 1).  Plaintiff primarily claims that these officers sexually assaulted and used excessive force against him.  Plaintiff does not indicate whether he sues defendants in their individual capacities, official capacities, or both.  He seeks injunctive and monetary relief.

A *Spears*[1] hearing was conducted on February 10, 2020.  The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): Plaintiff is 35 years old, stands 5'9", and weighs 195 pounds.  Plaintiff first

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

arrived at the McConnell Unit in 2018 and was housed at that unit for ten months before being transferred to another unit.

Plaintiff complains about an altercation with Defendants occurring on June 7, 2019.   Following an appearance before the Unit Classification Committee (UCC), Plaintiff was handcuffed and placed in a cage.  Sgt. Esparza subsequently pulled Plaintiff out of the cage and into a nearby hallway with no cameras.  Plaintiff alleges Sgt. Esparza told Officer Daughtrey that they were going to take Plaintiff down.  While Plaintiff was double-cuffed with two pairs of handcuffs, Plaintiff claims Sgt. Esparza grabbed Plaintiff by his testicles and buttocks and slammed Plaintiff against the wall.  Plaintiff further alleges Sgt. Esparza and Officer Daughtrey together grabbed Plaintiff by the testicles and buttocks and slammed Plaintiff to the ground.  Finally, Plaintiff claims Defendants then proceeded to knee and kick Plaintiff while he was on the floor.

Another officer called in the use of force on the radio and someone arrived with a camera after the altercation with Defendants had occurred.  Plaintiff was cooperative when other officers appeared on the scene.  As a result of the use of force, Plaintiff suffered torn tissues in his left knee that required surgery.  Plaintiff further stated that his right knee has bothered him since the incident.

III.    LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at

4 / 11

555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.  DISCUSSION

### A.  Eleventh Amendment Immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment, however, bars claims for money damages against a state or state agency.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998).  As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities.  *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment

bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues Defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment.  Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

### B.    Claims for Injunctive Relief

Plaintiff seeks injunctive relief against Defendants based on his conditions of confinement at the McConnell Unit.  Claims for injunctive relief based on the conditions of confinement, however, are rendered moot upon prisoner's release from custody or transfer to another facility. *Smith v. City of Tupelo, Mississippi*, 281 F. App'x 279, 282 (5th Cir. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)). *See also Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (requests for injunctive and declaratory relief become moot when inmate is transferred to another facility). Furthermore, the possibility of Plaintiff's return to the McConnell Unit is much too speculative to warrant relief. *Smith*, 281 F. App'x at 282.  Because Plaintiff is no longer incarcerated at the McConnell Unit, it is respectfully recommended that his claims for injunctive relief against Defendants be dismissed.

### C.    Excessive Force

Plaintiff claims that Defendants used excessive force against him.  Inmates have a constitutional right to be free from the use of excessive force.  *See Anthony v. Martinez*, 185 F. App'x 360, 363 (5th Cir. 2006).  To state an excessive force claim, a plaintiff must

6 / 11

show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis* but not necessarily significant.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10 (1992).  The factors to be considered are: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response.  *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999).

A prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury."  *Hudson*, 503 U.S. at 4.  In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court ruled that a district court "erred in dismissing Wilkins' excessive force complaint based on the supposedly *de minimis* nature of his injuries."  *Id.* at 40.  The Supreme Court explained that "the core judicial inquiry [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Id.* at 37 (citations omitted).

Plaintiff alleges that: (1) on June 7, 2019, while Plaintiff was double-cuffed with two pairs of handcuffs, Sgt. Esparza grabbed Plaintiff by his testicles and buttocks and slammed Plaintiff against the wall; (2) Sgt. Esparza and Officer Daughtrey then grabbed Plaintiff by the testicles and buttocks and slammed Plaintiff to the ground; (3) Defendants then proceeded to knee and kick Plaintiff while he was on the floor; and (4) as a result of the use of force, Plaintiff suffered torn tissues in his left knee that required

surgery and physical issues with his right knee.  Taken as true, Plaintiff's allegations suggest that Sgt. Esparza and Officer Daughtrey used force maliciously and sadistically and that Plaintiff suffered more than a *de minimis* injury as a result of the use of force. Thus, it is respectfully recommended that Plaintiff's excessive force claim against Defendants in their individual capacities be retained.

      **D.**      **Sexual Assault**

Plaintiff claims that Defendants sexually assaulted him as part of his altercation with Defendants on June 7, 2019.  The Fifth Circuit has recognized that prisoners have a constitutional right to bodily privacy, but this right is "minimal at best." *Tuft v. Texas,* 410 F. App'x. 770, 776 (5th Cir. 2011) (citing *Oliver v. Scott,* 276 F.3d 736, 745 (5th Cir. 2002)).  As such, prisoners lose "those rights that are necessarily sacrificed to legitimate penological needs." *Tufts,* 410 F. App'x. at 776 (citing *Elliott v. Lynn,* 38 F.3d 188, 190– 91 (5th Cir. 1994)).  However, sexual abuse of a prisoner by prison officials may violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment. *See Boddie v. Schnieder,* 105 F.3d 857, 860–61 (2d Cir. 1997).

Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective element and a subjective element. First, the sexual abuse or assault must be objectively, sufficiently serious; second, the prison officials involved must have a sufficiently culpable state of mind. *See Boddie,* 105 F.3d at 861. The sexual abuse must be "severe or repetitive" to rise to the level of an Eighth Amendment violation. *See Boddie,* 105 F.3d at 861.  "A single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than

repetitive abusive conduct." *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d 2015).   The

*Crawford* court further held:

> To show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia. A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment.

*Id.*

Taken as true, Plaintiff's allegations state an Eighth Amendment sexual assault

claim.   His allegations indicate that Sgt. Esparza and Officer Daughtrey intentionally

contacted Plaintiff's genitalia and buttocks with an intent to humiliate Plaintiff. *See*

*Lagarde v. Metz*, No. 13-805, 2017 WL 457654, at *4 (M.D. La. 2017) (recognizing "that

the evolving standards of decency demonstrate a national consensus that any sexual

assault of a prisoner by a prison employee constitutes cruel and unusual punishment")

(citations and internal quotations omitted).   Accordingly, it is respectfully recommended

that Plaintiff's Eighth Amendment sexual assault claims against Defendants in their

individual capacities be retained.[2]

## V.   RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state

Eighth Amendment claims of excessive force and sexual assault against **Sgt. Esparza**

---

[2] At the *Spears* hearing, the undersigned stated that Plaintiff's allegations, while sufficient to state an excessive force claim, were probably not enough to state an Eighth Amendment sexual assault claim.  However, upon further review of Plaintiff's allegations and the relevant case law (including the *Crawford* case), the undersigned recommends that Plaintiff's sexual assault claim under the Eighth Amendment should survive screening.

**and Officer Daughtrey** in their individual capacities.  Accordingly, it is respectfully recommended that these claims be **RETAINED.**  The undersigned will order service as to **Sgt. Esparza and Officer Daughtrey** by separate order.

The undersigned further recommends that: (1) Plaintiff's claims for money damages against Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment; and (2) Plaintiff's claims for injunctive relief against Defendants be dismissed as rendered moot by Plaintiff's transfer to another TDCJ facility.

Respectfully submitted this 11th day of March 2020.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).